STATE OF TENNESSEE
COUNTY OF FRANKLIN
12th JUDICIAL DISTRICT

FILE NO. 18197-CV

ED NUNLEY, KRISTI LAY HURST and HOLLI LAY BRANSON,

Plaintiffs,

VS.

PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD,

Defendant

To the above named Defendant:   Property & Casualty Ins. Co. of Hartford
                                c/o Commissioner of Insurance
                                Nashville, TN

You are summoned to appear and defend a civil action filed against you in Circuit Court, Franklin County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you or as otherwise allowed by law. You are further directed to file your defense with the Clerk of Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

*Robert Baggett*
Circuit Court Clerk
Franklin County, Tennessee

ISSUED: March 2, 2011

By: _____
Deputy Clerk

ATTORNEY FOR PLAINTIFF   GREGORY M. O'NEAL
                         2 S. Jefferson Street
ADDRESS                  Winchester, TN 37398

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. [T.C.A 26-2-114.]

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

Received this summons for service this _____ day of _____, 20____

Circuit Court Clerk

Officer

**EXHIBIT 1**

CERTIFIED COPY
I certify that this is a true copy of the original order/pleading filed in the Circuit-General Sessions-Juvenile Courts of Franklin County, TN
3-2-11
Deputy Clerk    Date

# RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20_____, I served this summons together with the complaint herein as follows: _____

_____

_____

_____
OFFICER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid, by registered return receipt mail or certified mail, a certified copy of the summons and a copy of the complaint in Case No. _____ to the defendant, _____. On the _____ day of _____, 20_____ I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS _____ DAY OF _____, 20_____.

PLAINTIFF/PLAINTIFF'S
ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO
SERVE PROCESS

_____
NOTARY PUBLIC or DEPUTY CLERK

MY COMMISSION EXPIRES: _____

---

CIRCUIT COURT OF FRANKLIN COUNTY
WINCHESTER, TN

NO. 18197-CV

DOCKET _____ PAGE _____

ED NUNLEY, KRISTI LAY HURST and HOLLI LAY BRANSON,
Plaintiffs

VS

PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD
Defendant

SUMMONS IN A CIVIL ACTION

Issued the 2 day of March, 20 11

Robert Baggett
CIRCUIT COURT CLERK

_____ M.
DEPUTY CLERK

Returned to office _____, 20_____
CIRCUIT COURT CLERK

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, TENNESSEE

ED NUNLEY, KRISTI LAY HURST )
and HOLLI LAY BRANSON, )
)
    Plaintiffs, )
)
vs. )  Case No.: 18197-CV
)
PROPERTY & CASUALTY INSURANCE )
COMPANY OF HARTFORD, )
)
    Defendant. )  FILED 3-1-11
_____ )  TIME 4:20 p.M
                      ROBERT BAGGETT
                      CIRCUIT COURT CLERK
       COMPLAINT        FRANKLIN COUNTY, TN

Come the Plaintiffs and for their cause of action herein state the following:

1. Plaintiff, ED NUNLEY, is the widower of BRENDA NICELY NUNLEY (DOD: 10/29/10). KRISTI LAY HURST and HOLLI LAY BRANSON are the natural daughters of BRENDA NICELY NUNLEY. Plaintiffs are the only heirs-at-law and successors in interest to the fire insurance policy proceeds that are the subject of this cause of action.

2. Defendant, PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD, is a foreign insurance corporation licensed to do business in the State of Tennessee. Defendant may be served through the Commissioner of Insurance of the State of Tennessee.

3. BRENDA NICELY NUNLEY was the owner of a house and lot located at 167 Trotters Circle, Estill Springs, Franklin County, Tennessee.

4. Plaintiffs respectfully allege that the Defendant issued its Homeowners Policy Number 55 RBB631798 to **BRENDA NICELY NUNLEY**. The effective dates of said policy were from September 1, 2008 to September 1, 2009. All premiums were properly paid and Plaintiffs would state that the policy was in full force and effect on the date of the loss described herein.

5. Plaintiffs state to the Court that on March 7, 2009 the insured premises were destroyed by fire. Said home was a complete loss and all personal property contained in the insured dwelling was rendered a complete loss as well.

6. Plaintiffs further allege that the insured **BRENDA NICELY NUNLEY** gave proper notice and cooperated in all respects in regards to the processing of the claim for the insurance proceeds for the dwelling itself as well as personal property and other coverage's provided in Defendant's policy.

7. Plaintiffs would state to the Court and voluntarily acknowledge that payment for the dwelling in the full amount of coverage was paid and receipted to the insureds. Further, Defendant paid for a portion of the personal property for which claim was filed. Plaintiffs allege that they are owed the remaining portion of the personal property coverage totaling $125,000.00.

8. Plaintiffs respectfully state that the policy issued by Defendant provided for "replacement cost" of personal property insured in Plaintiff's dwelling. Plaintiffs paid extra premiums for the "replacement cost" coverage.

9. Plaintiffs further allege that they have complied with all of the terms and conditions of the policy and have filed proper claims to be paid for their losses.

**WHEREFORE, PLAINTIFFS PRAY:**

1. That this Complaint be served upon the Defendant through the Commissioner of Insurance of the State of Tennessee. Defendant should be required to appear and answer the allegations herein.

2. That upon the hearing of this cause the Court enter judgment against the Defendant in favor of the Plaintiffs in the amount of $125,000.00 for the remaining personal property "replacement cost" coverage provided by the captioned policy.

3. That upon the hearing of this cause the Court enter judgment in favor of the Plaintiffs for $12,000.00 cleanup coverage which is due and owing to the Plaintiffs herein.

4. That the Plaintiffs are entitled to such other further and general relief to which they may be entitled.

Respectfully submitted;

BY: _____
GREGORY M. O'NEAL
2 S. Jefferson St.
P.O. Box 555
Winchester, TN 37398
(931) 967-9496
BPR #5617

WE GO SURETY FOR COSTS NOT TO EXCEED $500.00.

BY: _____
GREGORY M. O'NEAL